# EXHIBIT B



# Bexar County

### District Clerk/County Clerk Search

# Full Case Information

# Case Summary

### Case Information for Cause #: 2015CI11956

**WILLIAM D SMITH vs EDGAR I TORRES ET AL**

| | |
|---|---|
| Cause No. : | 2015CI11956 |
| Name : | |
| Business Name : | ESA TRANSPORTATION |
| Litigant Type : | DEFENDANT |
| Date Filed : | 07/22/2015 |
| Docket Type : | OTHER CIVIL CASES |
| Case Status : | PENDING |
| Court : | 037 |

*Information as of: 08/18/2015 10:18:34 AM*

# Case History

*Currently viewing 1 through 9 of 9 records.*

| Type/Sequence | Date Filed | Description |
|---|---|---|
| P00001 | 7/22/2015 | PETITION |
| P00002 | 7/22/2015 | CIVIL CASE INFORMATION SHEET |
| P00003 | 7/22/2015 | REQUEST FOR SERVICE AND PROCESS |
| B00001 | 7/23/2015 | WILLIAM DAIVD SMITH<br>AGENT:<br>AMOUNT: 100000<br>SURETY: CASH DEPOSIT IN LIEU<br>REASON: EX PARTE TRO<br>FORM: CASH |
| P00004 | 7/23/2015 | SERVICE ASSIGNED TO CLERK 2 |
| T00005 | 7/23/2015 | NON-JURY<br>SETTING ON TRO & TEMPORARY ORDERS<br>*DROP*<br>COURT: 109 TRIAL DATE & TIME: 8/3/2015 9:00AM |
| O00001 | 7/23/2015 | TEMP RESTRAINING ORDER<br>AND SETTING ON TEMPORARY INJUNCTION<br>HEARING<br>JUDGE: RICHARD E. PRICE<br>VOL: 4419 PAGE: 1813 PAGE COUNT: 2 |
| S00001 | 7/23/2015 | CITATION<br>EDGAR IVAN TORRES<br>ISSUED: 7/23/2015 |
| S00002 | 7/23/2015 | CITATION<br>ESA TRANSPORTATION<br>ISSUED: 7/23/2015 |

2015-CI-11956
037TH JUDICIAL DISTRICT COURT
WILLIAM D SMITH  VS EDGAR I TORRES ET AL
DATE FILED: 07/22/2015

| | | |
|---|---|---|
| **WILLIAM DAVID SMITH,** | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| **EDGAR IVAN TORRES and ESA TRANSPORTATION,** | § | |
| Defendants | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAIING ORDER AND REQUEST FOR TEMPORARY INJUNCTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

1. COMES NOW **WILLIAM DAVID SMITH**, Plaintiff, and files this, his Original Petition, complaining of Defendants **EDGAR IVAN TORRES** and **ESA TRANSPORATION** (hereinafter "Defendants"), and for cause of action would respectfully show unto the Court the following:

### I.

### DISCOVERY

2. Plaintiffs intend to conduct discovery in this suit under Level Three, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an order, agreed or otherwise, to this effect.

### II.

### PARTIES

3. **Plaintiff.** William David Smith ("Plaintiff") is a natural person and at all times relevant to this cause of action has been and continues to be a resident of New Braunfels, Comal County, Texas.

4. **Defendant.** Edgar Ivan Torres ("Torres") is a natural person and at all times relevant to this cause has been and continues to be a resident of San Marcos, CA can be served by serving him at his residence at 812 Via Bella Maria, San Marcos, CA 92078

5. **Defendant.** ESA Transportation. ("ESA") is a California Company with its principle office in San Diego, CA. Defendant ESA may be served by serving its registered agent for service of process, Sergio Ramirez, 501 Cochran Ave, San Diego, CA.



1

### III.

### VENUE

6. Venue is proper in Bexar County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code, § 15.002 in that all or substantially all of the events concerning this incident occurred in Bexar County, Texas.

### IV.

### FACTS

7. On July 9th, 2015 Plaintiff was stopped at a red light on AT&T Parkway at the intersection of N. Interstate Highway 35 Access Road when suddenly and without warning Defendant Torres who was headed southbound on the access road of N. Interstate Highway 35 swerved and entered the intersection where Plaintiff was stopped collided with and totaled Plaintiff's vehicle. Defendant Torres's actions caused the collision with Plaintiff's vehicle. San Antonio Police Department Officer David Turner charged Defendant Torres with Driving Under the Influence. As a result of the collision, Plaintiff suffered severe and debilitating injuries.

### IV.

### AGENCY AND RESPONDEAT SUPERIOR

8. At the time of the collision and the occurrences giving rise to this cause of action, Defendant Torres was an employee of Defendant ESA.

9. At all times material hereto, Defendant Torres was acting as an employee of Defendant ESA and was within the course and scope of his employment or official duties for Defendant ESA and in furtherance of the duties of his office or employment for Defendant ESA.

10. Defendant ESA, as the employer, is responsible for the negligent acts or omissions of Defendant Torres under the principles of respondeat superior.

### V.

### NEGLIGENCE

11. Plaintiff would show that, on the occasion in question, Defendants owed a duty to conduct themselves in a manner consistent with the traffic laws of the State of Texas and to act as a reasonably prudent person and/or entity would act.

12. Defendant Torres breached his duty to Plaintiff and acted in a manner that was negligent or negligent per se by engaging in wrongful conduct including, but not limited to:

   a. Failing to keep such a proper lookout as a person exercising ordinary prudence would have kept under the same or similar circumstances;

   b. Failing to control speed;

   c. Failing to take timely or proper evasive action to avoid the collision in question;

   d. Failing to yield the right of way;

   e. Failing to pay attention; and

   f. Failing to control the subject vehicle so that a collision would not occur.

13. Defendant ESA had a duty to exercise ordinary care to hire, train and supervise its driver with respect to ensuring that he was and would continue to be a safe driver with knowledge of the matters necessary for the proper operation of the vehicle that he controlled.

14. Defendant ESA breached its duty because it knew or should have known that Defendant Torres was not a capable, qualified and knowledgeable driver.

15. Defendant ESA breached its duty because it failed to provide the necessary training for Defendant Torres to operate his vehicle in a safe manner and in conformity with the requirements of the law.

16. Defendant ESA breached its duty because it failed to supervise Defendant Torres to ensure that he operated his vehicle in a safe manner and could accomplish his work assignments in a safe manner.

17. Each of Defendants' acts and omissions, singularly or in combination with others, constituted negligence and/or negligence per se that proximately and substantially caused the occurrence made the basis of this action, and the personal injuries and damages sustained by Plaintiffs.

18. Plaintiffs would show that, as a proximate cause of Defendants' negligence, as described herein, Plaintiffs have sustained damages far in excess of the minimum jurisdictional limits of this Court.

3

## VI.

## DAMAGES

19.     As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe personal injuries, pain, suffering, mental anguish, disability, impairment, and disfigurement, lost wages, lost earning capacity, and incurred reasonable and necessary medical expenses for the care and relief of his injuries. For a long time to come, if not for the rest of his life, Plaintiff will continue to suffer physical injuries, physical impairment, disfigurement, pain and suffering, and mental anguish. Additionally, as a result of the incident, Plaintiff will incur reasonable and necessary medical expenses in the future. Plaintiff now sues for all of these damages in an amount that exceeds the minimum jurisdictional limit of this Court.

20. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff asserts that he is seeking monetary relief in excess of $200,000.00 but less than $1,000,000.00.

21.     Plaintiff is entitled to recover pre-judgment and post-judgment interest as allowed by law.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION

### Temporary Restraining Order.

22. Respondent/ Defendant has committed Wrongful Acts.

    Movant/Plaintiff has previously filed suit in this matter but the Respondent/Defendants have yet to file an answer. Plaintiff's Original Petition is on file with this court and incorporated herein by reference. Plaintiff's Original Petition included claims for negligence on the part of Respondent/ Defendant.

23. Movant/Plaintiff Has a Probable Right to Relief. This case involves serious and debilitating injuries sustained by the Plaintiff. His injuries occurred through no fault of his own. The facts of this case will clearly demonstrate that the acts and/or omissions of the Respondent/Defendant caused the injuries to Plaintiff. As such, Movant/Plaintiff have a probable right to relief on the merits.

24. Movant/Plaintiff Will Suffer Probable Injury if Injunctive Relief is Not Granted. The harm is imminent. It is necessary for Movant/Plaintiff to have Defendant preserve the subject vehicle in its correct state and location so their representatives can immediately inspect the vehicle, for the

4

purpose of inspecting, measuring, surveying, photographing, videotaping, and examining the subject vehicle and in order to accumulate and preserve material evidence necessary for the proper investigation and/or determination of the facts and circumstances in question in connection with Movants' claim under applicable Texas laws.

25. Movant/Plaintiff will sustain imminent and irreparable harm if the relief requested herein is not granted. Movant/Plaintiff has been informed and believes, and on such information and belief, allege that Respondent/Defendant and/or their respective agents, servants and/or employees have already begun their investigation of the incident made the basis of this lawsuit, that the premises and the subject vehicle is not being preserved by any investigative authorities, and that material evidence may be lost, altered or destroyed.

26. The Probable Injury Will Be Irreparable if Injunctive Relief is Not Granted. If Respondent/Defendant is not prevented or denied from doing any additional investigation, repairs, testing or moving of evidence, Defendant ESA is a California Company and will likely engage in modifications, alterations, repairs or moving of evidence that will impair the development and prosecution of this case.

27. It is critical to the investigation and proof of the Movant/Plaintiff's claims alleged herein and in Plaintiff's Original Petition incorporated by reference that they be allowed to inspect, measure, survey, photograph, videotape, examine the subject vehicle prior to it being altered, moved, or destroyed. Relief is requested in order to accumulate and preserve material evidence, which is necessary for the proper investigation and/or determination of the true facts and circumstances in question in connection with Movants/Plaintiffs' claim.

28. Movant/Plaintiff Has No Adequate Remedy at Law. There is no legal remedy available to Movant/Plaintiff that will protect his rights and interests in this litigation if critical physical evidence is moved, lost, destroyed, or modified. There are no reliable methods of calculating damages to Movant/Plaintiff if such physical evidence is lost, destroyed, or modified.

29. Movant/Plaintiff has acted timely and are willing to post a bond. The undersigned law firm was recently hired by Movant/Plaintiff to prosecute the causes of action stated herein against Respondent/Defendant and has attempted to reach an agreement concerning the preservation of the subject vehicle. .

30. Movant/Plaintiff believes that time is of the extreme essence in obtaining the relief requested herein and that, under this emergency situation, there is not enough time to serve notice on Respondent/Defendant and hold a hearing, although Movant/Plaintiff will make every reasonable effort to notify Respondent/Defendant of a hearing on their application for Temporary Restraining Order and/or Temporary Injunction.

## TEMPORARY INJUNCTION

31. Movant/Plaintiff incorporates the foregoing paragraphs by reference as well as the original pleadings on file in this matter.

32. Movant/Plaintiff hereby prays for a temporary injunction prohibiting the following acts by Respondents/Defendants until such time as may be ordered by the Court or agreed to by the parties:

    Altering, repairing, moving, modifying, damaging, destroying, conveying, transferring, or in any way changing the condition of:

    a. The subject tractor, specifically the 2002 Green Freightliner TT
       Vin No. 1FUJBBCG72LG25107. California License Plate No. VP27178;

    b. The subject trailer, specifically the 1998 White Trailmobile,
       Vin No. 1PT01JAH6W6009556. California License Plate No. 4DF9508

33. Movant/Plaintiff is willing to post a bond.

34. Plaintiff/Movant further request that the Respondent/Defendant be cited to appear and show cause and that upon such hearing, a Temporary Injunction be issued enjoining the Respondent/Defendant, it's respective agents, servants, employees, representatives or anyone acting at their direction or in concert with said Respondent/Defendant from altering, repairing, modifying, damaging, destroying, or in any way changing the condition of the subject vehicle involved in the July 9th, 2015 incident until at least such time as Movant/Plaintiff has a full opportunity to inspect,

measure, survey, photograph, videotape, copy and examine same and additionally for the duration of this litigation as necessary.

35. Plaintiff/Movant further request that after temporary injunction hearing, this Honorable Court issue a Temporary Injunction directing Respondent/Defendant, to allow Movant/Plaintiff and/or his representatives full and complete access to the subject vehicle herewith and relevant to the incident.

VII.

**CONDITIONS PRECEDENT**

36. All conditions precedent have been performed or have occurred to support the Plaintiff's pleadings and causes of action.

VIII.

**REQUEST FOR JURY TRIAL**

37. Plaintiff respectfully requests a trial by jury and has paid the jury fee.

**THEREFORE,** Plaintiff requests that Defendants be cited to appear and answer herein and that on final trial, Plaintiff have judgment against Defendants for:

a. All medical expenses in the past and future;

b. Mental anguish in the past and future;

c. Physical pain in the past and future;

d. Physical impairment in the past and future;

e. Lost wages;

f. Lost earning capacity;

g. Disfigurement in the past and future;

h. Pre- and post-judgment interest as allowed by law;

i. Costs of suit; and

j. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**WYATT LAW FIRM, LTD.**
70 NE Loop 410, Suite 725
San Antonio, Texas 78216

7

Telephone: (210) 340-5550
Facsimile: (210) 340-5581

By: /s/ *James Perrin*
Paula A. Wyatt
State Bar No. 10541400
pwyatt@wyattlawfirm.com
James Perrin
State Bar No. 24027611
jperrin@wyattlawfirm.com
Nathaniel Mack, III
State Bar No. 24078896
nmack@wyattlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

STATE OF TEXAS        §

COUNTY OF BEXAR §

## VERIFICATION

BEFORE ME, the undersigned Notary Public, on this day personally appeared Nathaniel Mack III., who, after being duly sworn, stated under oath that he is the attorney for the Plaintiff in this action, that he has read the Application for Temporary Restraining Order; and that every statement contained in the motion is within his personal knowledge and is true and correct.

_____
NATHANIEL MACK III

SUBSCRIBED AND SWORD TO BEFORE ME by the said NATHANIEL MACK III., on this the ___ day of JULY, 2015.

_____
Notary Public in and for the
State of Texas



NORA LOPEZ
Notary Public, State of Texas
My Commission Expires
May 12, 2017

9



2015CI11956 -0037

CAUSE NO. 2015-CI-11956

| | | |
|---|---|---|
| WILLIAM DAVID SMITH, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| V. | § | 37th JUDICIAL DISTRICT |
| EDGAR IVAN TORRES and ESA TRANSPORTATION, | § | |
| Defendants | § | BEXAR COUNTY, TEXAS |

For the Ex Parte

## TEMPORARY RESTRAINING ORDER AND SETTING OF TEMPORARY INJUNCTION HEARING

On the date written below came on to be considered Plaintiff's Application for Temporary Restraining Order. After reviewing the documents on file, the Court is of the opinion that it clearly appears that Plaintiff is entitled to a Temporary Restraining Order to immediately deter Defendant from altering, repairing, moving, modifying, damaging, destroying, conveying, transferring, or in any way changing the condition of the subject vehicle involved in the incident that occurred on July 9th, 2015 ~~and that if the commission of said acts is not immediately restrained, Plaintiff will suffer irreparable injury, to wit: destruction of relevant and material evidence regarding the prosecution of the personal injury claims of~~ Plaintiff. It is therefore

ORDERED that Respondent/Defendant ~~produce the vehicle for immediate inspection and~~ are hereby enjoined from altering, repairing, moving, modifying, damaging, destroying, conveying, transferring, or in any way changing the condition of any material evidence related to the incident including:

   a. The subject tractor, specifically the 2002 Green Freightliner TT
      Vin No. 1FUJBBCG72LG25107, California License Plate No. VP27178;

   b. The subject trailer, specifically the 1998 White Trailmobile,
      Vin No. 1PT01JAH6W6009556, California License Plate No. 4DF9508

It is further



ORDERED that a hearing on Movant/Plaintiff's Application for a Temporary Injunction be set in the courtroom of this Court on the **3rd** day of **August**, 2015 at **9:00** o'clock **a.m.** (p.m./a.m.). It is further

ORDERED that Respondent/Defendant be cited to appear and show cause why a Temporary Injunction should not be issued enjoining the Respondent/Defendant, their respective agents, servants, employees, representatives or anyone acting at their direction or in concert with said Respondent/Defendant from altering, repairing, modifying, damaging, destroying, or in any way changing the condition of the subject vehicles located at Growdon Pound, 3625 Growdon Road, San Antonio, Bexar County, Texas relevant to the incident, including that enumerated above and herein until at least such time as Movant/Plaintiff have a full opportunity to inspect, measure, survey, photograph, videotape, copy and examine same and additionally for the duration of this litigation as necessary. It is further

ORDERED that the Clerk shall forthwith on the filing by Plaintiff of the bond hereinafter required and in approving the same according to the law, issue a temporary restraining order in conformity with the law and the terms of this Order. This order shall not be effective unless and until Plaintiff execute and file with the Clerk a bond in conformity with the law, in the amount of $ **1,000.00**.

SIGNED this **22** day of **July**, 2015, at **4:55 pm**

*[signature]*
JUDGE PRESIDING

Printed name: **Nathaniel Mack III**
Attorney for: **William David Smith**
Texas State Bar No. **24078896**
Address: **70 NE Loop 410 Suite 725**
**San Antonio, TX 78216**
Telephone #: **(210) 340-5550**
Fax #: **(210) 340-5591**
Email address: **nmack@wyattlawfirm.com**

DOCUMENT SCANNED AS FILED



Certificate of District Clerk That Plaintiff(s)
Made Cash Deposit In Lieu Of
Ex Parte Temporary Restraining Order Bond

The State of Texas
County of Bexar                    37th Judicial District Court

I, Donna Kay McKinney, Clerk of the District Courts in and for Bexar County, Texas, do hereby certify that WILLIAM DAVID SMITH in Cause No. 2015-CI-11956, Styled WILLIAM D SMITH vs. EDGAR I TORRES ET AL, have this day deposited the sum of ONE THOUSAND DOLLARS ($ 1,000.00) cash, which is the amount ordered by the Court in lieu of a Temporary Restraining Order Bond.

WITNESS, Donna Kay McKinney, Clerk of the District Courts of Bexar County, Texas. Given under my hand and seal of said Courts of Bexar County, Texas, on July 23, 2015.

Donna Kay McKinney
District Clerk, Bexar County, Texas

BY: _____
Ashley J. Castillo, Deputy

* * RECEIPT REQUIRED FOR REFUND OF FUNDS